IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ADVANCE MAGAZINE PUBLISHERS INC., | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No. _____ |
| v. | : |
| | : |
| LEGEND EFFECTS USA, LLC, and | : |
| LEGEND EFFECTS CORP., | : |
| | : |
| Defendants. | : |

---

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND DECEPTIVE TRADE PRACTICES, AND DEMAND FOR JURY TRIAL**

Advance Magazine Publishers Inc., for its Complaint, avers:

1. Plaintiff Advance Magazine Publishers Inc. ("AMPI") and its predecessors have adopted and continuously used the mark VOGUE as the title of a fashion magazine since at least as early as 1892 and have operated a corresponding internet site since at least as early as 1998. Since that time, VOGUE has become the nation's, and arguably the world's, most widely recognized and revered fashion publication.

2. On March 24, 2016, Chiu Kuang-Li, on behalf of defendant Legend Effects Corp., filed an "intent to use" application to register the trademark LVG LEGEND VOGUE with the U.S. Patent and Trademark Office ("USPTO").

3. AMPI filed an opposition to that trademark application, which is pending before the Trademark Trial and Appeal Board, arguing that registration should be refused due to AMPI's long prior rights in the VOGUE trademark.

4. During discovery in the opposition proceeding, Defendant represented that no

products were being sold under the trademark in the United States.

5. Nevertheless, in April 2017, AMPI discovered that Defendants were selling jewelry on Amazon using the marks "Legend Vogue" and "LVG Legend Vogue" in the United States. AMPI ordered the product and received the product within a matter of days.

6. AMPI sent a cease and desist letter to Defendants' counsel on April 24, 2017.

7. The parties then engaged brief discussions, and Defendants' use of the marks on Amazon appeared to cease. However, despite multiple attempts to discuss the substance of the matter with Defendants' counsel, Defendants would not respond to AMPI's request that Defendants confirm that Defendants had ceased all use in the United States.

8. In June 2017, AMPI discovered that Defendants were selling jewelry in the United States through vendors other than Amazon. AMPI also discovered that Defendants were prominently using the mark in the United States through social media, such as Facebook.com. This lawsuit follows.

## THE VOGUE TRADEMARK

9. For 125 years, AMPI and its predecessors have adopted and continuously used the mark VOGUE as the title of a fashion magazine.

10. AMPI is the owner of the valid, subsisting, unrevoked and uncancelled registrations for VOGUE with the USPTO, including 0,504,006, 0,125,542, 0,069,530, 1,666,656, 1,336,659, 3,069,976, 2,701,928, 1,659,761, 4,964,883, 4,964,884, 4,138,408, and others.

11. The United States edition of *Vogue* magazine is read by 12.7 million people each month. AMPI's American website, Vogue.com, receives 8.7 million visitors each month, creating 5 billion impressions.

12. Millions of U.S. citizens instantly recognize and associate the VOGUE trademark with AMPI's products and services. *Vogue* magazine was described by book critic Caroline Weber in a December 2006 edition of *The New York Times* as "the world's most influential fashion magazine."

13. In addition to its magazine and website, AMPI uses its VOGUE trademark on social media, such as Twitter, Facebook, Instagram and Pinterest, as well as in connection with a wide variety of goods and services. These goods and services include podcasts, video series, books, and mobile applications.

14. The VOGUE trademark is used in connection with events done in collaboration with designer jewelry and fashion brands, displaying the VOGUE mark along with jewelers' marks. Invitations to examples of these events are attached hereto as Exhibit A.

15. AMPI has applied to register, or has registered, the mark in connection with wide ranging goods and services such as advertising and e-commerce services, computer software applications for content in the field of fashion, hand bags, tote bags, purses, luggage, wallets, body creams, scented candles, jigsaw puzzles, nightclub and restaurant services, clothing and jewelry. As an acclaimed and leading brand, the VOGUE mark is highly sought after with respect to licensed products.

16. AMPI filed an intent to use application to sell jewelry under the VOGUE mark with the USPTO on July 24, 2014, and that application is still pending.

17. AMPI also uses trademarks that combine "VOGUE" with other terms. For example, AMPI registered the trademark VOGUE VIP for use in connection with membership program services in fields such as fashion, beauty and cosmetics (Reg. No. 5,159,529), VOGUE RUNWAY for use in connection with fashion related publications (Reg. No. 5,069,495), TEEN

VOGUE for use in connection with a wide variety of services (see, e.g., Reg. No. 4,989,919), VOGUE WEDDINGS in connection with an ongoing film program (Reg. No. 4,459,325), VOGUE PATTERNS in connection with clothing pattern kits (Reg. No. 0,201,144), and VOGUE KNITTING in connection with knitting accessory kits (Registration No. 0,501,515).

18. As a result of its longstanding and continuous use of VOGUE for a wide range of goods and services, AMPI's mark has acquired substantial goodwill and reputation and has become famous.

## DEFENDANTS' USE OF VOGUE

19. Upon information and belief, Legend Effects Corp. recently expanded its operations to the United States.

20. In March 2016, Chiu Kuang-Li, an individual, filed an intent to use application for the trademark LVG LEGEND VOGUE with the USPTO, for use in connection with:

"Alloys of precious metal; precious metals, unwrought or semi-wrought; jewelry and imitation jewelry; cloisonné jewelry; bangles; bracelets; earrings; necklaces; rings; brooches; clocks; watches; cuff links."

21. Mr. Kuang-Li identified his address as Legend Effects Corp., 15F.-2, No.83, Sec. 1, Zhongxiao E. Road, Taipei City, Taiwan.

22. The entity Legend Effects USA, LLC, was created in August, 2016. Upon information and belief, the entity was formed through MyUSACorporation.com, which is located at 1 Radisson Plaza, Ste. 800, New Rochelle, NY 10801.

23. Upon information and belief, Legend Effects USA, LLC, is a subsidiary of Legend Effects Corp.

24. Legend Effects USA, LLC, is a Wyoming corporation with its principal place of

business in Nevada.

25. As stated above, while an opposition proceeding between the parties was pending before the Trademark Trial and Appeal Board, AMPI discovered that Defendants were selling jewelry under the marks "Legend Vogue" and "LVG Legend Vogue" in the United States.

26. Examples of Defendants' use of the mark VOGUE are attached as Exhibit B.

27. The jewelry first appeared on Amazon, but was apparently removed in response to correspondence from AMPI's counsel.  The jewelry then appeared for sale on other websites.

28. Defendants' use of the marks "Legend Vogue" and "LVG Legend Vogue" falsely suggest an association with or approval by AMPI of Defendants' goods and services and will inevitably create confusion in the marketplace.  Such confusion will cause irreparable harm to AMPI and violates sections 1114 and 1125 of the Trademark Act.

29. In addition, Defendants' use of the marks is likely to cause dilution of AMPI's famous mark under Section 43(c) of the Trademark Act.

## JURISDICTION AND VENUE

30. This court has jurisdiction over Count I of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338 as the present case arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, as amended, and as is hereinafter more fully described.

31. All other claims asserted in this action arise out of the same transaction or occurrence, so that this court has supplemental jurisdiction over all additional claims asserted in this action under 28 U.S.C. § 1367(a).

32. AMPI is a New York corporation with a principal place of business at One World Trade Center, New York, NY 10007.

33. Upon information and belief, defendant Legend Effects Corp. is a corporation

organized in Taiwan with its principal place of business in Taiwan, and defendant Legend Effects USA, LLC, is its U.S. subsidiary.

34. Upon information and belief, Defendants' continuous and systematic contacts with the United States subject them to personal jurisdiction in this district.

35. Upon information and belief, Defendants have committed acts of trademark infringement, unfair competition, and deceptive trade practices, as described below, in this District and elsewhere.

36. Upon information and belief, Defendants are subject to the jurisdiction of this Court, and venue is proper in this District pursuant to 28 U.S.C. § 1391.

## COUNT I
## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1)

37. AMPI repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint as though the same were fully rewritten herein.

38. Defendants' use of AMPI's VOGUE trademark is likely to cause confusion, or to cause mistake, or to deceive as to origin, sponsorship, or approval of Defendants' goods, services, or commercial activities, in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)).

39. The aforesaid infringement is being conducted with willful disregard of AMPI's trademark rights in the VOGUE trademark.

40. Defendants' use of the trademark is a willful attempt to trade upon the goodwill that AMPI has developed in the trademark over the past 125 years.

41. The aforesaid infringement has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to AMPI's property and business.

42. AMPI has no adequate remedy at law. Defendants' conduct has caused and, if not

enjoined, will continue to cause irreparable damage to the rights of AMPI in its trademarks, reputation and goodwill.

43. AMPI's damages from the aforesaid unlawful actions of Defendants are not yet determined.

## COUNT II
## UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

44. AMPI repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint as though the same were fully rewritten herein.

45. Section 1125(a) of Title 15 of the United States Code states, in pertinent part, the following:

> Any person who, on or in connection with any good or services, … uses in commerce any word, term, name, symbol, … or any false designation of origin, … which -- is likely to cause confusion, or to cause mistake, or to deceive…as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person…shall be liable in a civil action.

46. AMPI's VOGUE trademark is distinctive and has become famous through AMPI's continuous use of the trademark in interstate commerce for 125 years.

47. Defendants' use of the trademark falsely suggests that AMPI is the source of, or has authorized, Defendants' products and is likely to deceive the relevant trade and public, into believing that Defendants' products are authorized or approved by AMPI, or provided in affiliation with AMPI, in violation of 15 U.S.C. § 1125(a).

48. Defendants' conduct constitutes trademark infringement, unfair competition, and false designation of origin in violation of 15 U.S.C. §1125(a).

49. Defendants' conduct is being conducted with willful disregard of AMPI's valuable trademark rights and constitutes a willful attempt to trade upon the goodwill that AMPI

has developed in its trademarks through its many years of use of the trademarks.

50. AMPI has no adequate remedy at law. Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of AMPI in its trademarks, reputation and goodwill.

51. AMPI's damages from the aforesaid unlawful actions of Defendants are not yet determined.

## COUNT III
## DILUTION UNDER 15 U.S.C. § 1125(c)

52. AMPI repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint as though the same were fully rewritten herein.

53. AMPI's VOGUE trademark is famous within the meaning 15 U.S.C. § 1125(c) and the VOGUE mark is inherently distinctive.

54. Defendants' use of the LEGEND VOGUE and LVG LEGEND VOGUE marks began long after AMPI's VOGUE mark became famous.

55. Defendants' use of the LEGEND VOGUE and LVG LEGEND VOGUE marks is likely to cause dilution by blurring of AMPI's VOGUE mark.

56. AMPI has no adequate remedy at law. Defendants' conduct has caused and, if not enjoined, will continue to cause, irreparable damage to AMPI's rights in the VOGUE trademark and to the business, reputation and goodwill associated therewith.

## COUNT IV
## USE OF A NAME WITH INTENT TO DECEIVE UNDER NEW YORK BUSINESS LAW § 133

57. AMPI repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint as though the same were fully rewritten herein.

58. Due to AMPI's prominent use the VOGUE mark in New York state and elsewhere, AMPI's mark has become well-known.

59. Defendants' continued use of the VOGUE mark in connection with their products is likely to deceive or mislead the public as to the source of the products advertised. AMPI has no adequate remedy at law.

60. Defendants' conduct has caused and, if not enjoined, will continue to cause, irreparable damage to AMPI's rights in the VOGUE trademark and to the business, reputation and goodwill associated therewith.

## PRAYER FOR RELIEF

WHEREFORE, AMPI respectfully demands judgment:

a. That Defendants, their officers, directors, agents, servants, employees, attorneys, confederates, related companies, licensees, and all persons acting for, with, by, through and under them, be preliminarily and permanently enjoined:

(1) from using the VOGUE trademark and any other confusingly similar mark or domain name, reproduction or colorable imitation of the VOGUE trademark in connection with jewelry products of any kind, inclusive of alloys of precious metal, precious metals, unwrought or semi-wrought, jewelry and imitation jewelry, cloisonné jewelry, bangles, bracelets, earrings, necklaces, rings, brooches, clocks, watches, or cuff links.

(2) from using the VOGUE trademark and any other confusingly similar mark or domain name, reproduction or colorable imitation of the VOGUE trademark in any manner likely to cause confusion, mistake or to deceive the relevant trade and public;

(3) from using VOGUE as an advertising keyword or in metatags to promote any blog or related product of Defendants;

(4) from committing any acts calculated to cause consumers or the relevant trade to believe that Defendants' products and services are associated with or authorized by AMPI; and

(5) from otherwise competing unfairly with AMPI in any manner.

b. That Defendants be ordered to abandon their pending trademark application for the LVG LEGEND VOGUE trademark in the U.S. Patent and Trademark Office.

c. That Defendants pay to AMPI such damages as AMPI has sustained as a consequence of Defendants' infringement, unfair competition, and deceptive trade practices, and to account for and to pay to AMPI:

(1) all gains, profits and advantages derived by Defendants from their infringement;

(2) all gains, profits and advantages derived by Defendants from their unfair competition;

(3) all gains, profits and advantages derived by Defendants from their dilution of the VOGUE mark; and

(4) all damages incurred by AMPI as a result of Defendants' deceptive trade practices;

d. That AMPI be awarded its reasonable attorney's fees and costs in this action.

e. That AMPI be awarded such other and further relief as the court may deem equitable.

## JURY DEMAND

AMPI hereby demands a trial by jury for all issues that are so triable.

Respectfully submitted,

By:    */s/ Jordan A. LaVine, Esq.*

    Jordan A. LaVine, Esq. (S.D.N.Y. ID # JAL9389)
    Flaster/Greenberg PC
    1835 Market Street, Suite 1050
    Philadelphia, PA 19103
    T: 215.279.9389
    F: 215.279.9394
    Jordan.lavine@flastergreenberg.com
    Attorneys for Plaintiff